UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILMER BLANCO CARRILLO,

     Petitioner,

v.

                                  Case No.:  2:26-cv-00626-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,

     Respondent.

_____/

**OPINION AND ORDER**

Before the Court are Wilmer Blanco Carrillo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Blanco Carrillo is a native and citizen of Cuba who entered the United States in August 2023, and was paroled into the country pending removal proceedings.  On November 20, 2025, local police arrested Blanco Carrillo for retail theft.  He was charged and released to the custody of Immigration and Customs Enforcement.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Blanco Carrillo.  The distinction matters because § 1225(b)(2)

mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Blanco Carrillo asks the Court to order the respondent to either release him or provide a prompt individualized bond hearing.

The government argues (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the government acknowledges, the Court rejected his arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Blanco Carrillo's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Blanco Carrillo has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

2

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondent to either bring Blanco Carrillo before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Blanco Carrillo's counsel[2] must be given at least 48 hours' notice of the hearing, but only if they have entered their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a bond hearing that satisfies these requirements. But, to be clear, subjecting Blanco Carrillo to mandatory detention under § 1225(b)(2) is unlawful. If Blanco Carrillo does not receive a bond hearing that complies with this Order within ten days, the respondent must release him.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

[2] Blanco Carrillo filed his habeas petition pro se, but the Court does not know whether he is represented by counsel in immigration court.

Accordingly, it is hereby

**ORDERED**:

Wilmer Blanco Carrillo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondent shall either (1) bring Blanco Carrillo for an individualized bond hearing before an immigration judge or (2) release Blanco Carrillo under reasonable conditions of supervision.  If the respondent releases Blanco Carrillo, he shall notify Mildrey Berga Carrillo when and where he may be collected.  She has provided the following phone number and email address: (786) 614-6845 and mildreyberga@gmail.com.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4